IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN FODDRILL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-13-CV-00051-XR |
| § | |
| WILLIAM MCMANUS, MICHAEL § | |
| BERNARD, AND THE CITY OF SAN § | |
| ANTONIO, § | |
| § | |
| *Defendants*. | |

**ORDER**

On this day the Court considered Defendants' Motion to Dismiss for failure to state a claim. Doc. No. 9. With respect to Plaintiff's claims for damages and declaratory relief, the Court GRANTS the Motion in part and DENIES it in part. The Court GRANTS the Motion to Dismiss with respect to Plaintiff's claim for injunctive relief.

**I. BACKGROUND**

Plaintiff John Foddrill was formerly employed by Defendant, the City of San Antonio, as a telecommunications manager. The circumstances surrounding his termination are not clear. On July 1, 2009, Plaintiff received a Criminal Trespass Warning ("CTW") under Chapter 30 of the Texas Penal Code. Plaintiff alleges that under the terms of the CTW, he was prohibited from entering San Antonio City Hall, the Municipal Plaza Building, the Public Safety Building, or the Riverview Towers Building. These buildings are used for both private governmental functions and for meetings that are open to the public. Plaintiff further alleges that the CTW was issued after he requested the city to disclose "potentially embarrassing

1

information concerning an ongoing criminal conspiracy inside the city."[1] Compl. ¶ 5.1.3. The CTW was signed by Defendants William McManus, the San Antonio Chief of Police, and Defendant Michael Bernard, the City Attorney.

Plaintiff alleges that he was subject to arrest for trespass if he entered one of the aforementioned buildings. Compl. ¶ 4.7. The Complaint indicates that Plaintiff made numerous attempts to have the CTW lifted and never received a response from the City. In addition, Plaintiff alleges that both Defendant McManus and Defendant Bernard made public statements indicating that CTWs were issued against those individuals the city deemed threatening. Compl. ¶ 4.10 – 4.11.

On February 28, 2013, Plaintiff filed his original complaint with this Court. The Complaint is brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's First and Fourteenth Amendment rights. On March 27, 2013, this Court granted a preliminary injunction in another case requiring the city to remove its CTW against another individual. *Cuellar v. Bernard,* SA-13-CV-91-XR, 2013 WL 1290215 (W.D. Tex. Mar. 27, 2013). In response, on April 1, 2013, the City withdrew the CTW from Plaintiff.

On May 22, 2013, the Defendants filed the Motion to Dismiss that is now before the Court. On July 30, 2013, this Court ordered the parties to appear for a hearing to discuss the claims in this case. Plaintiff sought a continuance in order to find an attorney. That hearing is now scheduled for September 27, 2013 (Doc. No. 26). This hearing has not been mooted by this order.

---

[1] According to the Complaint, the CTW was just one means by which the city allegedly retaliated against Plaintiff. He further alleges that he was roused in the middle of the night of July 5, 2011, by members of the "Mental Health Unit" of the San Antonio Police Department. Compl. ¶ 4.3. Further, Plaintiff asserts that he received threatening phone calls from Canada which warned him to stop reporting on alleged corruption in the city government. *Id*. ¶ 4.6.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## III. ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendants, acting under color of state law, violated his First Amendment rights to "free expression, free assembly and freedom to petition for redress." Doc. No. 10. Plaintiff also asserts that the City violated his procedural due process rights by

not providing a hearing to review the issuance of the CTW.  Finally, Plaintiff alleges that the city violated his substantive due process rights by arbitrarily depriving him of his liberty interest in remaining on city property.  Plaintiff has sufficiently pled facts that constitute a plausible claim that the Defendants violated his First and Fourteenth Amendment rights.  Moreover, the claim for damages is not wholly barred by the statute of limitations.  Since there is a live case or controversy with respect to damages, the claim for declaratory relief also remains viable.  However, the claim for injunctive relief is moot and is therefore dismissed.

### A. First Amendment Claims

#### 1. Free Speech and Assembly

The core of Plaintiff's claim is that the prohibitions contained in the CTW violated his First Amendment right to free speech and free assembly.  The Supreme Court has used a three-step approach to determine whether a First Amendment right has been violated.  The first step is to determine whether the claim involves protected speech, the second step is to identify the nature of the forum, and the third step is to assess whether the justifications for exclusion from the relevant forum satisfy the requisite standard. *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985).

The Complaint alleges that the CTW specifically prohibited Plaintiff from entering four city-owned buildings that are used to host public meetings.  In general, participation in public meetings constitutes protected speech.  There is no indication that the CTW was narrowly tailored to prohibit speech that falls into any of the categories that the Supreme Court has held "unprotected" by the First Amendment.[2]  As to the nature of the forum, the Supreme

---

[2] These include: (1) speech that incites imminent lawless action, (2) hate speech, (3) defamation or 4) obscenity. *R.A.V. v. City of St. Paul, Minn.,* 505 U.S. 377, 383, (1992)

Court distinguishes between public forums, designated public forums, limited public forums and non-public forums. *Chiu v. Plano Independent School Dist.*, 260 F.3d 330, 344 (5th Cir. 2001) (per curiam). Although the CTW prohibited access to buildings which are not entirely open to the public, the use of such a governmental facility for public meetings suggests that the forum is a designated public forum. *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir. 1989) ("[T]he city commission designated their meeting a public forum when the commission intentionally opened it to the public and permitted public discourse on agenda items"). The third prong of the test requires the Court to address whether the justifications for the exclusion satisfy the requisite standard. Plaintiff pleads that the CTW constituted a prior restraint on speech. Prior restraints are generally disfavored and subject to strict scrutiny. *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558, (1975) ("Any system of prior restraint, however, comes to this Court bearing a heavy presumption against its constitutional validity"). Plaintiff sufficiently alleges that the CTW prevented him, in advance, from exercising his free speech rights by prohibiting him from attending public meetings at City Hall and other similar venues.

Defendants' primary argument is that Plaintiff's claim for damages is barred by the statute of limitations. Doc. No. 9 at 4-5. Under the Supreme Court's decision in *Owens v. Okure*, 488 U.S. 235 (1989), state law determines the applicable statute of limitations in § 1983 actions. The Court therefore looks to Texas tort law to establish that there is a two-year statute of limitations in this case. *Pete v. Metcalfe*, 8 F.3d. 214, 217 (5th Cir. 1993). However, the accrual of § 1983 claims is a matter of federal law. *Id.* In general, § 1983 claims accrue when the plaintiff becomes aware of his or her right to sue. *Bohannan v. Doe*, 2013 WL 2631197 (5th Cir. June 12, 2013). Accordingly, Defendants argue that the claim accrued on

July 1, 2009, the date on which Plaintiff received the CTW. Applying the two-year statute of limitations, Defendants contend that any claim brought after July 1, 2011, is time-barred. Doc. No. 9.

This argument mischaracterizes the nature of harm that Plaintiff allegedly suffered. Plaintiff has pled a continuing injury.[3] In a continuing injury case, the wrongful conduct continues to create an additional injury to the Plaintiff until the conduct stops. Courts recognize a distinction between a continuing violation and a single violation with a continuing impact. *United Airlines v. Evans*, 431 U.S. 553, 558 (1977). In this case, the alleged constitutional injury flows not from the issuance of the CTW, but from the fact that for close to four years Plaintiff was prohibited from exercising his rights to free speech and assembly at several public buildings. The purpose of the continuing violation doctrine is to permit claims where "it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Huckabay v. Moore*, 142 F.3d. 233, 239 (5th Cir. 1998). The First Amendment does not protect an individual's right to be free from a CTW, it protects his or her right to free speech and assembly. The CTW was the mechanism by which the City deprived Plaintiff of this constitutionally guaranteed right.[4] Each day that Plaintiff was allegedly barred from accessing public facilities he suffered a constitutional injury.

---

[3] The Court acknowledges that most continuing injury cases occur in the Title VII employment context, and that the doctrines' applicability to § 1983 actions is an unsettled area of the law. However, courts can and do apply the continuing injury theory to § 1983 actions. *See, e.g. Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (Holding that in a § 1983 Eighth Amendment case the plaintiff had a continuing violation when the defendant prison refused to treat his medical condition).

[4] The Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384, (2007), does not compel the opposite result. In *Wallace*, the Court held that petitioner's § 1983 claim accrued when he was bound over for trial on the basis of unconstitutionally obtained evidence, and that his subsequent confinement did not constitute a continuing injury for limitations purposes. Petitioner's confinement in *Wallace* was the effect of the unconstitutional act. In the First Amendment context relevant in this case, the City's continual denial of Plaintiff's free speech rights is itself the injury and is not merely the effect of some other discrete unconstitutional act.

The Fifth Circuit has held that if:

> [T]he violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full limitations period are foreclosed.

*Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733-34 (5th Cir. 1983). The allegedly unconstitutional limitations on Plaintiff's free speech rights began when the CTW was received by Plaintiff and only ended when it was lifted on April 1, 2013. Plaintiff filed suit in this Court on February 28, 2013. Claims for injury that occurred more than two-years before this date are barred by the statute of limitations. Accordingly, Plaintiff has a claim for the alleged unconstitutional actions that took place between February 28, 2011, and April 1, 2013.

2. Retaliation Claim

Plaintiff also alleges that the CTW was issued in retaliation for protected speech activities. The First Amendment protects a citizen's right to be free from government retaliation for engaging in protected speech. *Pickering v. Board of Educ.,* 391 U.S. 563, 574 (1968). In general, First Amendment retaliation claims accrue when the act of retaliation occurs. *Hitt v. Connell,* 301 F.3d. 240, 246 (5th Cir. 2002). Here, the alleged retaliatory act was the issuance of the CTW. This occurred on July 1, 2009. The Court applies the two-year statute of limitations and finds that the retaliation claim is time-barred.

**B. Due Process Claims**

1. Substantive Due Process

"Substantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights." *Simi*

*Inv. Co., Inc. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000). Governmental action will violate substantive due process guarantees if it lacks a rational basis. *Id*. citing *FM Prop. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996). The Complaint alleges that Plaintiff "possesses a fundamental liberty interest… in being in public places like City Hall and the Municipal Plaza Building." Compl. ¶ 5.3.3. In *City of Chicago v. Morales*, the Supreme Court reiterated that an individual has a constitutionally protected right to be physically present in a public place of his or her choosing. 528 U.S. 41 (1999). Plaintiff alleges that the CTW interferes with this fundamental right "and is not narrowly tailored to advance a law." Plaintiff's claim is essentially that the Defendants use CTWs to arbitrarily ban individuals that they dislike from public places. Such allegations, if true, might constitute an impingement on a fundamental right that lacks a rational basis. Finally, the Court must consider whether the statute of limitations bars the substantive due process claim. Plaintiff frames his alleged harm as arbitrary exclusion from certain areas of the city. This harm did not occur when the CTW was issued, but instead persisted for the entire time it was in effect. Therefore, Plaintiff has a viable substantive due process claim for the time period from February 1, 2011, to April 1, 2013.

    2. Procedural Due Process

Plaintiff asserts that the City violated his procedural due process rights. Plaintiff alleges that the City deprived him of a liberty interest by prohibiting his participation in "any of the myriad governmental-individual interactions that regularly take place at City Hall and city offices." Compl. ¶ 5.3.2. The Complaint further alleges that the City does not possess substantive standards for when it will issue a CTW. Compl. ¶ 5.4.1. Likewise, the city

allegedly does not offer recipients of a CTW the chance to be heard. *Id.* Plaintiff's alleged injury here stems therefore from: 1) a lack of substantive criteria for determining who gets a CTW, and 2) the city's lack of a hearing. This harm was known to Defendant when the CTW was issued. Therefore, the procedural due process claim accrued on July 1, 2009, and is now time-barred.

### C. <u>Injunctive Relief</u>

Plaintiff also seeks an injunction to prevent the city from enforcing the CTW against him. Compl. ¶ 8.3. Defendants argue that Plaintiff lacks standing for injunctive relief, because the issue became moot when the CTW was removed. Doc. No. 9 ¶ 11. The Supreme Court has made clear that the standards for standing and mootness are not identical. However, since the Court finds that the claim for injunctive relief is moot, there is no need to conduct the standing analysis.

The standard for determining whether a case seeking injunctive relief has been mooted by the defendant's voluntary conduct is whether "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000). With respect to Plaintiff, Defendants voluntarily lifted the CTW in response to a court order in a related case. Accordingly, as Defendants' note, "there is no reasonable expectation … that [Plaintiff] will be subject to another CTW." Doc. No. 9 at 12. Plaintiff alleges that Defendants' past practice of retaliation gives him a "reasonable basis to fear additional retaliatory acts." Compl. ¶ 8.4. Taking these allegations as true, they nonetheless fall short of establishing an imminent threat that Plaintiff is in danger of being subjugated again to an allegedly unconstitutional

CTW. Plaintiff also argues that the claim is not moot because it is one "capable of repetition, yet evading review." Doc. No. 10 at 11. By partially denying the Motion to Dismiss on the damages claims, the Court is currently engaged in "reviewing" the issues in this case. Therefore, this doctrine does not apply and the Plaintiff's claims for injunctive relief are moot.

## IV. CONCLUSION

In light of the foregoing analysis, Defendants' Motion to Dismiss the claims for damages and declaratory relief is DENIED in part with respect to the First Amendment free speech and assembly claim, as well as for the substantive due process claim. Plaintiff may bring a First Amendment claim for the alleged actions that took place between February 28, 2011, and April 1, 2013. The First Amendment retaliation claim and the procedural due process claim are time-barred. Accordingly, the Motion to Dismiss those counts is GRANTED. Finally, the Court finds that the Plaintiff's claim for injunctive relief is moot, and therefore GRANTS the Motion to Dismiss as to that form of relief.

SIGNED this 4th day of September, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE