IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN FODDRILL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-00051-XR |
| § | |
| WILLIAM MCMANUS, MICHAEL § | |
| BERNARD, AND THE CITY OF SAN § | |
| ANTONIO, § | |
| | |
| *Defendants*. | |

**ORDER**

On this day, the Court considered Defendants' motion for reconsideration. Doc. No. 29. After careful consideration, the Court GRANTS the motion. Accordingly, Plaintiff's remaining claims are barred by the statute of limitations. The case is therefore DISMISSED.

**I.  BACKGROUND**

On February 28, 2013, Plaintiff John Foddrill filed an original complaint in this Court. Mr. Foddrill alleges that the City of San Antonio violated his constitutional rights by issuing a Criminal Trespass Warning ("CTW") banning him from various city properties. It is undisputed that this ban was in effect from July 1, 2009, until April 1, 2013. On May 22, 2013, Defendants filed a motion to dismiss contending that the statute of limitations had expired. Doc No. 9. Specifically, Defendants argued that the Mr. Foddrill's § 1983 claim accrued when the CTW was issued on July 1, 2009. According to Defendants, by filing this lawsuit in 2013, Mr. Foddrill had not complied with the applicable two-year limitations period.[1]

---

[1] Defendants argue that the limitations period expired on July 1, 2011.

1

In considering Defendants' motion to dismiss, this Court was under an obligation to construe a *pro se* Plaintiff's complaint liberally. Accordingly, the Court found that Mr. Foddrill had pled a continuing violation and declined to bar his First Amendment and Procedural Due Process claims on limitations grounds.[2] Doc. No. 27. On September 24, 2013, Defendants filed this motion for reconsideration with respect to the claims that were not dismissed. Doc. No. 29. A hearing was held on this case on September 27, 2013, and Mr. Foddrill has subsequently retained counsel.

## DISCUSSION

The sole issue raised in Defendants' motion for reconsideration is whether the case is barred by the statute of limitations. Specifically, the timeliness of Mr. Foddrill's lawsuit depends entirely on the applicability of the continuing violation doctrine. In general, the continuing violation doctrine provides that "where the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred." *McGregor v. Louisiana State Univ. Bd. of Sup'rs,* 3 F.3d 850, 866 (5th Cir. 1993) (internal citations omitted). In applying this equitable doctrine, courts recognize a distinction between a continuing violation and an injury with continuous effects. *United States v. Evans*, 431 U.S. 553, 558 (1977). Injuries with lingering effects generally do not toll limitations. *Berry v. Bd. of Sup'rs of L.S.U.*, 715 F.2d 971, 979 (5th Cir. 1983), citing *Delaware State College v. Ricks,* 449 U.S. 250, 257 (1980) ("The plaintiff, however, may not employ the continuing violation theory 'to resurrect claims about discrimination concluded in the past, even though its effects persist'").

---

[2] The Court dismissed Mr. Foddrill's First Amendment retaliation claim and his Substantive Due Process claim on limitations grounds. Mr. Foddrill's claim for injunctive relief was denied as moot. Doc. No. 27.

In its prior order, this Court liberally construed Mr. Fodrrill's complaint and found that he had pled a continuing violation by alleging that each day that he was barred from City Hall he was deprived of his right to free speech and assembly. Doc. No. 27. Defendants argue that any such injury was the *effect* of the City's issuance of the CTW. Doc. No. 29. As such, Defendants contend that Mr. Foddrill has suffered an injury with continuing effects, not a continuing violation, and that therefore limitations are not tolled. After careful reconsideration, the Court agrees with the Defendants.

In its prior order, this Court found that an individual who is banned from public forums suffers repeated injury until the ban is lifted. However, with respect to the applicability of the continuing violation doctrine, there is a sharp distinction between a continuing violation and a violation with lingering effects. *Ricks,* 449 U.S. at 257. This seemingly semantic distinction is of paramount importance in this case, because if Mr. Foddrill's continued injury is the effect of some prior act, then limitations are not tolled. Previously, this Court found that the "CTW was the mechanism by which the City deprived Plaintiff of this constitutionally guaranteed right." Doc. No. 27. Thus, the harm that Mr. Foddrill suffered necessarily derived from one event: the City's act of issuing the CTW. Put another way, without the City's issuance of the CTW, there would be no legally cognizable harm. Therefore, the issuance of the CTW itself was the violation and the subsequent chilling effect was the impact or effect of that violation.

In the employment context, the continuing violation doctrine permits courts to hear otherwise untimely claims where "it is the cumulative effect of the discriminatory practice, *rather* than any discrete occurrence, that gives rise to the cause of action." *Huckabay v.*

*Moore*, 142 F.3d 233, 239 (5th Cir. 1998) (emphasis added).  In addition, the Fifth Circuit has held that the doctrine is available if "the violation does not occur at a single moment but in a series of separate acts." *Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733 (5th Cir. 1983); *Interamericas Investments, Ltd. v. Bd. of Governors of the Fed. Reserve Sys.*, 111 F.3d 376, 382 (5th Cir. 1997) ("A continuing violation applies where the conduct is ongoing, rather than a single event.").  The Fifth Circuit has also found that:

> The core idea of the continuing violations theory, however, is that equitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights

*Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997).  This case law suggests that the continuing violation doctrine is inapplicable when there is a discrete occurrence that gives "an average lay person" notice of his or her right to sue.  In this case, the issuance of the CTW was a single event that put Mr. Foddrill on notice to protect his rights.  This is confirmed by the pleadings, in which Mr. Foddrill avers that he repeatedly attempted to get the city to revoke the CTW and therefore knew that his rights had been potentially violated. Doc. No. 5. In this case, it is clear that Mr. Foddrill's injury persisted for the entire duration that the ban was in place.  However, because there was a discrete event that gave Mr. Foddrill notice of his right to sue, case law does not support application of the continuing violation doctrine.

Plaintiff, now with the aide of counsel, has been unable to find a case that directly supports his understanding of the continuing violation doctrine.  In *Heard v. Sheahan*, the Seventh Circuit applied the continuing violation doctrine in an Eighth Amendment deliberate

indifference case. 253 F. 3d 316 (7th Cir. 2001).  The court reasoned that plaintiff suffered a new harm each day that defendant failed to treat his medical condition. *Id.* at 318.  However, in *Heard*, there was no "discrete occurrence" that gave rise to plaintiff's right to sue.  A cause of action for deliberate indifference necessarily requires some cumulative amount of inaction on the part of the defendants.  In this case, however, the City's issuance of the CTW constituted a distinct event that gave Mr. Foddrill notice of his right to sue.  Mr. Foddrill could have brought his lawsuit the day the City issued the CTW.  Unlike in a deliberate indifference case, he did not need to wait for the harm to accrue in order for his cause of action to become complete.  Accordingly, Mr. Foddrill cannot rely on *Heard* to save his claim.

As this Court previously noted in a footnote, the Supreme Court has not applied the continuing violation doctrine in the § 1983 context.  In *Wallace v. Kato*, the Court held that plaintiff's claim accrued when he was bound over for trial on the basis of unconstitutionally obtained evidence. 549 U.S. 384 (2007).  Plaintiff's subsequent confinement, unconstitutional as it may have been, was held to be the effect of a prior unconstitutional act, and did not toll limitations under the continuing violation doctrine.  *Id.*  In response to Defendants' motion for reconsideration, Mr. Foddrill argues that the applicability of a statute of limitations defense inherently reflects a value judgment. Doc. No. 34, citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975).  Perhaps as a tacit acknowledgement that the continuing violation does not technically apply to his case, Mr. Foddrill seeks to shift away from the contours of the doctrine and towards the important First Amendment values at stake in this case. However, under *Wallace*, courts do not look at the underlying merits or values when applying the

continuing violation doctrine. If being wrongfully confined to prison on the basis of an illegal conviction is not a continuing violation, but the lingering effect of a prior unconstitutional act, it is difficult to see how equitable considerations alone compel a different result in this case.

In its prior order, this Court was cognizant of the unique nature of the harm suffered when an individual claims that his or her First Amendment rights have been violated. Doc. No. 27. However, even in the context of First Amendment claims, courts have declined to apply the continuing violation doctrine where there is some concrete event that gives the plaintiff notice of their right to bring suit. In *Knox v. Davis*, the Ninth Circuit declined to apply the continuing violation doctrine in a case where plaintiff alleged that the state had continually violated her First Amendment rights. 260 F.3d 1009 (9th Cir. 2001). The plaintiff in *Knox* was a public defender who married one of the prisoners that she represented. Subsequently, the state banned plaintiff from visiting the prison and from sending mail thereto. Plaintiff filed a § 1983 action more than one-year after she had received official notification that she had been banned from the prison. Plaintiff conceded that her claim accrued when she received this letter, but argued that the continuing violation doctrine applied. The Ninth Circuit disagreed and held that the "continuing violation doctrine is inapplicable because [plaintiff] has failed to establish that a new violation occurs each time she is denied her visitation or mail privileges." *Id.* at 1013. In addition, the court held that any constitutional injury that plaintiff had suffered in the case was the "continuing effect" of the letter banning her from the prison that housed her husband and client. The court reasoned that plaintiff "had notice of all the wrongful acts she wished to challenge at the time of the

suspension letter." *Id.* at 1014.  Likewise, Mr. Foddrill had all of the knowledge he needed to challenge the City's policy when the CTW was issued.

In *Herbert v. Reinstein*, plaintiff law student was not only expelled but banned from the campus of Temple Law School for dousing a homeless person with pepper spray. 976 F.Supp. 331 (E.D. Pa. 1997).   Plaintiff alleged that this ban violated his First Amendment rights to free speech and assembly, and that he had suffered a continuing violation each day that he was denied access to the law school.  The court disagreed and held that even if plaintiff's initial suspension was "constitutionally infirm," the resulting First Amendment injuries were "merely the continuing effects" of that initial violation. *Id.* at 337.  In this case, the harm that Mr. Foddrill allegedly suffered is properly categorized as the lingering effect of an earlier act.  Accordingly, the continuing violation doctrine does not apply and Mr. Foddrill's claims are barred by limitations.

In its prior order, the Court declined to reach this conclusion because it was unclear whether Mr. Foddrill had attempted to visit City Hall and then been turned away on the basis of the CTW.  Had this occurred within the limitations period, a question would arise as to whether this constituted an independent cause of action such that the continuing violation doctrine would apply.  However, at a hearing on this case, Mr. Foddrill clarified that he never attempted to visit City Hall during the time period that the CTW was in effect.  Therefore, there is no reasonable allegation of related conduct on behalf of Defendants within the limitations period that would give rise to an independent cause of action.

## IV. CONCLUSION

In light of the foregoing analysis, the continuing violation doctrine does not apply. Mr. Foddrill's First Amendment and Procedural Due Process claims are barred by limitations. Accordingly, the City's motion for reconsideration is GRANTED. Doc. No. 29. The case is hereby DISMISSED.

SIGNED this 26th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE